IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL HARPER | No. C 14-5626 EDL |
| Plaintiff, | **ORDER DISMISSING COMPLAINT** |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., | |
| Defendants. | |

On December 24, 2014, Plaintiff Wendell Harper filed a complaint and sought leave to proceed in forma pauperis ("IFP"). On December 31, 2014, pursuant to 28 U.S.C. § 1915, this Court granted Plaintiffs' IFP request, and indicated that it would separately determine compliance with 28 U.S.C. § 1915(e)(2), which requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous." See also Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984) ("courts may dismiss frivolous actions filed in forma pauperis"). Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Moreover, a Court is obligated "to consider issues related to federal subject matter jurisdiction and may do so sua sponte." OWB, REO, LLC v. Negrete, 2011 WL 1667916, at *1 (N.D. Cal. May 3, 2011) (Armstrong, J.) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998)). The Court requested that Plaintiff file either a consent or declination to magistrate court jurisdiction, and Plaintiff consented to this court's jurisdiction. The Court now

dismisses the complaint without prejudice.

Plaintiffs' complaint, entitled "Complaint for Unlawful Foreclosure: For Recovery of Assets and Proceeds," is based on largely unintellible allegations relating to a residential mortgage he first obtained in 1989. Plaintiff alleges that he refinanced the mortgage several times, and filed for various forms of bankruptcy protection over the years, though the timeline of events is somewhat unclear. It is also unclear what part each defendant is alleged to have played in the eventual foreclosure and sale of Plaintiff's property. This confusion is compounded by Plaintiff's extensive reliance on descriptions of other court cases, as well as other individuals' mortgages, properties and foreclosures, without the consistent use of quotation marks or citations to indicate when the statements relate to Plaintiff or to other unrelated people and events. From what the Court can glean from the Complaint, Plaintiff alleges that he paid off his loan in full in 2006, but third-party debt collectors continued to demand payment and Plaintiff received a Notice of Trustee's Sale in 2010. Also during this time, Plaintiff filed for bankruptcy protection and defendant Deutsche Bank consummated a Purchase and Sale Agreement for the property as part of the bankruptcy proceeding with defendant Wachovia Bank listed as the "custodian owner." Deutsche Bank provided him with another Notice of Trustee's Sale in 2011, and defendant Ocwen Loans engineered a "fake auction" to sell the property to one of Deutsche Bank's partners. Plaintiff vacated the property in 2013 and the property was sold in 2014. It is entirely unclear what role defendant Wells Fargo is alleged to have played in these events.

The Complaint contains eight claims: (1) Violation of State Law Prohibiting Unfair and Deceptive Consumer Practices With Respect to Loan Servicing"; (2) "Violations of State Law Prohibiting Unfair and Deceptive Consumer Practices With Respect to Foreclosure Processing"; (3) "Violation of IRC Section 1398, IRM Sections 5.5.6.15, 5.9.6.18 and 5.9.6.4"; (4) "Violation of R.C. 2921.03"; (5) "26 U.S. Code § 7201- Attempt to Evade or Defeat Tax"; (6) "Title 26 Tax Violations Failure to File, Supply Information or Pay Tax- IRC § 7203"; (7) "Violation of the Revenue and Taxation Code Section 23152-23155"; and (8) "Violation of Business and Profession Code Section 17200-17210." However, the Complaint does not specify which claims are brought against which defendants or which of the underlying facts relate to each claim. Plaintiff's complaint fails to

include a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2).

Further, it appears that the crux of Plaintiff's complaint is that none of the four defendants had an ownership interest in the property yet they were somehow involved in orchestrating the wrongful foreclosure and sale of his property, but all of Plaintiff's federal claims are inexplicably based on alleged violations of various bankruptcy and tax codes. For example, Claim Three appears to relate to a violation of 26 U.S.C. § 1398, tax rules relating to individual bankruptcy filings, and also references various Internal Revenue Manual descriptions of how to process Chapter 7 bankruptcy cases. However, there is no allegation that any defendant was responsible for processing Plaintiff's bankruptcy cases or how Plaintiff's tax obligations in bankruptcy relate to any defendant. To the extent that Plaintiff is attempting to challenge something that occurred during his bankruptcy proceedings, his remedy is a bankruptcy appeal rather than a complaint in this Court. Claims Five and Six relate to violations of criminal provisions of the Internal Revenue Code. Plaintiff has not explained how any defendant has violated either of these provisions or why he, as an individual, has a private right of action to enforce these statutes. Because Plaintiffs have failed to state a federal claim against any defendant, all of the federal claims are dismissed. The Court declines to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c).[1] Plaintiff's complaint is hereby dismissed.

Because leave to amend is freely granted, Plaintiff is granted leave to file an amended complaint though such amendment may ultimately be futile. Any amended complaint must be filed by February 27, 2015, and should clearly state Plaintiff's factual allegations and make it plain which allegations and causes of action relate to which defendants. Plaintiff may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling (415) 782-8982 or signing up for an appointment on the 15th Floor of the Courthouse, Room 2796. At the Legal Help Center, Plaintiffs may speak with an attorney who may be able to provide basic legal help, but not legal representation. The Court also urges Plaintiffs to obtain a copy of the Pro Se

---

[1] Claims One, Two, Seven and Eight appear to allege violations of various California state laws. Claim Four appears to be based on an alleged violation of a criminal provision of the Ohio Revised Code, but it is unclear what connection Ohio has to any party or allegation in the Complaint.

Handbook, available free of charge from the Court's website (www.cand.uscourts.gov) or in the Clerk's Office on the 16th Floor, 450 Golden Gate Avenue, San Francisco, CA.

Dated: February 11, 2015

ELIZABETH D. LAPORTE
United States Magistrate Judge